IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00690-WDM-KLM

THE BANK OF BURLINGTON;
BURLINGTON SCHOOL DISTRICT;
CENTENNIAL BANK;
CITY OF BURLINGTON;
CITY OF GUNNISON;
COTOPAXI SCHOOL DISTRICT FREMONT RE-3;
HI-PLAINS SCHOOL DISTRICT;
KARVAL SCHOOL DISTRICT;
KELLY UTILITY SERVICES AND SITEWISE, LLC;
KIDZ ARK, INC.;
LOCOMOTIVE SERVICE, INC.;
MARTINEZ INTERNATIONAL, INC.;
MEADOWS DENTAL GROUP PROFESSIONAL, LLC;
MINERAL COUNTY;
SOUTH CONEJOS SCHOOL DISTRICT RE-10;
TERRA XML, INC.; and
TOWN OF PAGOSA SPRINGS,

    Plaintiffs,

v.

RHPI CAPTIVE INSURANCE COMPANY, LTD.;
HUMAN RESOURCE BENEFIT ADMINISTRATORS;
GERALD R. RISING, JR., INC.;
GERALD R. RISING, JR., individually; and
LYNN CURRAN, individually,

    Defendants.
_____

**ORDER STAYING CASE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' **Unopposed Joint Motion to Stay This Case for 60 Days** [Docket No. 21; Filed April 29, 2011] (the "Motion").  The parties

seek a stay of all proceedings in this case because it is "reasonably related" to a pending criminal case in this District, *United States v. Gerald R. Rising, Jr.*, No. 11-cr-00117-WYD, in that "both cases have at least one party in common and have common questions of law and fact." *Motion* [#21] at 2.  The parties assert that the pendency of the criminal case will make resolution of this case "time-consuming, difficult, and expensive" because Defendant Rising "will continue to invoke his rights under the Fifth Amendment of the U.S. Constitution," thereby preventing meaningful discovery.  *Id.*  The parties further assert as follows: "If the criminal case results in a conviction . . . restitution will be mandatory.  In such case, upon information and belief, Plaintiffs in [this case] would be included in any criminal restitionary order, as would any other persons or entities also alleged to have sustained losses[.]"  *Id.* at 2-3.

Although the stay of proceedings in a case is generally disfavored, the Court has broad discretion to stay a case when warranted.  *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *see, e.g.*, *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision) (finding that a stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical

means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding; (3) the convenience to the Court of staying the case; (4) the interests of nonparties in either staying the case or proceeding toward trial; and (5) the public interest in either staying the case or proceeding toward trial.  *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

As Plaintiffs have all joined in the Motion, they all agree that staying this case would not prejudice them.  Accordingly, the Court finds that the first *String Cheese Incident* factor weighs in favor of granting a stay.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with this case presents an undue burden because Defendant Rising is currently a defendant in a federal criminal case.  Further, because this case shares factual and legal issues with *United States v. Gerald R. Rising, Jr.*, No. 11-cr-00117-WYD, now pending before the District Court, it is inefficient to proceed before those common issues are resolved.  The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying this case.

With regard to the third factor, it is certainly more convenient for the Court to stay further proceedings until it is clear that this case will proceed in light of the resolution reached in *United States v. Gerald R. Rising, Jr.*, No. 11-cr-00117-WYD.

-4-

With regard to the fourth factor, the Court is not aware of any nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying this case.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying this case.

Weighing the relevant factors, the Court concludes that temporarily staying this case is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion[#21] is **GRANTED**.

IT IS FURTHER **ORDERED** that all proceedings in this case are **STAYED** until **July 5, 2011**.

IT IS FURTHER **ORDERED** that the parties shall file a joint status report on or before **July 5, 2011**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for May 23, 2011 at 10:00 a.m. is **vacated**. If necessary, a scheduling conference will be reset upon receipt of the parties' status report.

DATED: May 3, 2011 at Denver, Colorado.

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge