IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00690-MSK-KLM

THE BANK OF BURLINGTON,
BURLINGTON SCHOOL DISTRICT,
CENTENNIAL BANK,
CITY OF BURLINGTON,
CITY OF GUNNISON,
COTOPAXI SCHOOL DISTRICT FREMONT RE-3,
HI-PLAINS SCHOOL DISTRICT,
KARVAL SCHOOL DISTRICT,
KELLY UTILITY SERVICES AND SITEWISE, LLC,
KIDZ ARK, INC.,
LOCOMOTIVE SERVICE, INC.,
MARTINEZ INTERNATIONAL, INC.,
MEADOWS DENTAL GROUP PROFESSIONAL, LLC,
MINERAL COUNTY,
SOUTH CONEJOS SCHOOL DISTRICT RE-10,
TERRA XML, INC.,
TOWN OF PAGOSA SPRINGS,
EAST CENTRAL BOARD OF COOPERATIVE EDUCATIONAL SERVICES,
GENOA-HUGO SCHOOL DISTRICT C-113, and
HOUCHEN BINDERY, LTD,

      Plaintiffs,

v.

RHPI CAPTIVE INSURANCE COMPANY, LTD.,
HUMAN RESOURCE BENEFIT ADMINISTRATORS, and
GERALD R. RISING, JR., INC.,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Default Judgment** [Docket

No. 55; Filed April 26, 2012] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and

D.C.COLO.LCivR 72.1C., the Motion is referred to the undersigned for recommendation

[#56].  Plaintiffs seek a default judgment against all three remaining Defendants: Rural

Health Plan Initiative Captive Insurance Company, LTD ("RHPI Captive"); Human Resource

Benefit Administrators ("HRBA"); and Gerald R. Rising, Jr., Inc. (collectively, "Defendants").

For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#55] be

**DENIED** and that the Complaint [#1] be **DISMISSED without prejudice**.

## I. BACKGROUND

### A.    Procedural History

Plaintiffs filed this lawsuit on March 18, 2011, alleging violations of the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and various

state laws. *Complaint* [#1].  The three remaining Defendants, along with former defendants

Gerald R. Rising, Jr. and Lynn Curran, were served with the Summons, Complaint, and

Application for Preliminary Injunction and Jury Trial Demand on March 29, 2011.  [#4, #5,

#6, #7, #8].  On November 8, 2011, Gerald R. Rising, Jr. and Lynn Curran were dismissed

from this matter.  [#35].  The remaining three Defendants have failed to answer or

otherwise respond to Plaintiffs' Complaint.  Following Plaintiffs' request for entry of default

pursuant to Fed. R. Civ. P. 55(a) [#41], the Clerk of the Court entered default against

Defendants on February 6, 2012 [#42].  Defendants have not responded to the Clerk's

entry of default or the present Motion.

### B.    Factual Allegations

Plaintiffs allege that they paid Rural Health Plan Initiative Administration Company

("RHPI Administration") to administer their employee welfare benefit plans (the "Plans") and that RHPI Administration was "inextricably tied to Defendant RHPI Captive."  [#17] at 7. Plaintiffs contributed a "fixed monetary sum" to RHPI Administration and Defendant RHPI Captive who were to use a "portion of those funds to pay employee health claims."  *Id.* Defendant HRBA was responsible for processing and paying employee health claims with Plaintiffs' contributions.[1]  *Id.*  RHPI Administration and Defendant RHPI Captive were to use the remaining funds to pay for "standard overhead costs" and to "procure 'stop-loss' insurance" to cover employee health claims which exceeded a certain amount.  *Id.*

Defendant RHPI Captive prepared the Administration Services Agreements ("Agreements") which governed the relationship between Plaintiffs and Defendant RHPI Captive.  *Id.* at 11.  Pursuant to the Agreements, Defendant RHPI Captive had "sole and exclusive discretion" to:

a.   Control and manage the Plans;
b.   Administer claims;
c.   Interpret the Plans;
d.   Resolve all questions related to the Plans;
e.   Designate certain of its affiliates, independent third-parties, or its agents, officers, and employees to perform any administrative or service related functions;
f.   Prepare and distribute, in such manner as [Defendant] RHPI Captive deemed appropriate, information explaining Plaintiffs' Plans; and
g.   Apply for and put in force Stop-Loss Insurance, aggregate loss funding, or other financial protections designed to assist in protecting the financial integrity of Plaintiffs' Plans.

*Id.* at 10.

Plaintiffs allege that Defendant RHPI Captive failed to fulfill several of its

---

[1]  This is the only factual allegation specific to Defendant HRBA made in the Complaint.  No allegations specific to Defendant Gerald R. Rising, Jr., Inc. are made anywhere in the Complaint.

responsibilities. *Id.* at 11. Defendant RHPI Captive was required to establish a trust fund account for Plaintiffs consisting of funds "to pay benefits and expenses" and "otherwise serve as a repository for funds." *Id.* However, despite Plaintiffs' requests for information, Defendant RHPI Captive failed to establish a trust fund account and failed to provide Plaintiffs with information regarding "accounts, books, and records." *Id.* at 10-11.

Additionally, pursuant to the Agreements, RHPI Administration had "sole authority to obtain 'short-term loans' from [Defendant] RHPI Captive." *Id.* at 11. However, Defendant RHPI Captive failed to notify Plaintiffs when these loans were disbursed and that Plaintiffs' trust accounts contained insufficient funds for "eligible claim and administrative expenses." *Id.* RHPI Administration also failed to purchase "Stop-Loss Insurance" for Plaintiffs and Defendant RHPI Captive failed to "secure fidelity bond coverage or errors and omissions coverage." *Id.* at 9-11. Therefore, "a significant majority" of Plaintiffs' employees' medical claims were never paid despite RHPI Administration's and Defendant RHPI Captive's assurances that they would be paid. *Id.* at 12.

Plaintiffs later received letters from RHPI Administration, Defendant RHPI Captive, and Gerald R. Rising, Jr. requesting that Plaintiffs reimburse RHPI Administration or Defendant RHPI Captive for "interim financing" which RHPI Administration or Defendant RHPI Captive allegedly provided to cover expenses that exceeded Plaintiffs' contributions. *Id.* However, Plaintiffs never had any knowledge of this "interim financing" until receiving the letters. *Id.*

Based on these allegations, Plaintiffs assert ten claims for relief against Defendants: (1) misappropriation of funds in violation of RICO; (2) money laundering of misappropriated/concealed funds in violation of RICO; (3) international money laundering

4

of misappropriated/concealed funds in violation of RICO; (4) unlawful money transactions utilizing misappropriated/concealed funds in violation of RICO; (5) breach of contract; (6) negligence; (7) breach of fiduciary duty; (8) false representation; (9) negligent misrepresentation causing financial loss; and (10) deceptive trade practices in violation of C.R.S. §§ 6-1-101 *et seq. Id.* at 14-15.  In the Motion, Plaintiffs request entry of a default judgment and request damages in the amount of $6,402,683.81.[2]  [#55] at 11-12.

## II.  ANALYSIS

Pursuant to Fed. R. Civ. P. 55, default may enter against parties who fail to appear or otherwise defend a lawsuit.  Here, entry of default was proper because Defendants failed to respond to Plaintiffs' Complaint.  Before proceeding with a default judgment, however, the Court must consider whether it has jurisdiction, whether the facts establish a legitimate basis for the entry of judgment, and whether the amount of damages can be ascertained.

## A.    Jurisdiction

In determining whether a default judgment is warranted, the Court must first consider whether it has jurisdiction over the subject matter and the defendants.  *Dennis Garberg & Assocs., Inc., v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986).  The Court must do so in consideration of the well-established rule that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *United States v. 51 Pieces of Real Prop.,* 17 F.3d 1306, 1309 (10th Cir. 1994).

---

[2]  In their Complaint, Plaintiffs requested preliminary injunctive relief, damages, treble damages, pre- and post-judgment interest, and attorneys' fees and costs.  *See* [#17].  However, in the Motion, Plaintiffs only request damages regarding incurred losses.  *See* [#55].

1.      **Subject Matter Jurisdiction**

a.      **Federal Question Jurisdiction**

Plaintiffs assert that the Court has federal question jurisdiction over this matter because the action arises out of alleged violations of RICO. [#17] at 6.  Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Because Plaintiffs' RICO causes of action arise under federal law, the Court has jurisdiction over the subject matter.  Accordingly, based on federal question jurisdiction, the Court finds that it has subject matter jurisdiction over this dispute.

b.      **Diversity Jurisdiction**

Plaintiffs assert that the Court has diversity jurisdiction over this matter because Plaintiff Houchen Bindery, Ltd. is a citizen of Nebraska. [#17] at 3, 6. Diversity jurisdiction is governed by 28 U.S.C. § 1332(a).  Section 1332 requires that the matter be a "controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."  *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941) (citation omitted).  Nineteen Plaintiffs and at least two Defendants, Defendants HRBA and Gerald R. Rising, Jr., Inc., are Colorado citizens.  [#17] at 2-5.  Accordingly, because there is not complete diversity between Plaintiffs and Defendants, the Court finds that it does not have diversity jurisdiction over this dispute.

2.      **Personal Jurisdiction**

6

In addition to subject matter jurisdiction, entry of a default judgment in a civil case requires personal jurisdiction over the defendants. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).  The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendants.  *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010).  Plaintiffs' Complaint identifies Defendant RHPI Captive as a corporation; Defendant HRBA as a corporation and trade name; and Defendant Gerald R. Rising, Jr., Inc. as a corporation. [#17] at 5, 14.  Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association.  Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1)(B).

On April 6, 2011, Plaintiffs filed returns of service demonstrating that a private process server personally delivered the summonses and complaints to Gerald R. Rising, Jr., the president of Defendant RHPI Captive and the registered agent for Defendant HRBA and Defendant Gerald R. Rising, Jr., Inc.  [#4, #6, #7].  The Court therefore finds that Defendants were properly served in compliance with Fed. R. Civ. P. 4(h).

Plaintiffs bear the burden of establishing personal jurisdiction.  *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  "[P]laintiff[s] need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials."  *Dennis Garberg & Assocs, Inc.*, 115 F.3d at 773.

7

"Defects in personal jurisdiction . . . are not waived by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (citing *V.T.A., Inc. v Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979)).

> Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.  In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.

*Id.* at 1203.

Plaintiffs assert in the Complaint that Defendants HRBA and Gerald R. Rising, Jr., Inc. are both incorporated in Colorado and have addresses in Centennial, Colorado.  [#17] at 5, 14.  The Court therefore finds that it has personal jurisdiction over Defendants HRBA and Gerald R. Rising, Jr., Inc.  However, regarding Defendant RHPI Captive, Plaintiffs allege only that Defendant RHPI Captive's president, Gerald R. Rising, Jr., "transact[ed] business on behalf of [Defendant] RHPI Captive in Colorado and purposefully availed [Defendant] RHPI Captive to jurisdiction in Colorado."  *Id.*

Plaintiffs assert that Defendant RHPI Captive is a "foreign corporation organized and operated under the laws of [the] British West Indies."  [#17] at 5.  As a court of limited jurisdiction, this Court may only exercise jurisdiction over nonresident defendants if: (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the United States Constitution.  *See Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the

8

United States and Colorado constitutions." *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

The Due Process Clause requires that the Court conduct a two-step analysis of personal jurisdiction. First, the Court must examine "whether the non-resident defendant has 'minimum contacts' with the forum state such that he should reasonably anticipate being haled into court there." *TH Agric. & Nutrition, LLC v. Ace European Grp., Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007) (citation and quotation mark omitted). Second, if the defendant has sufficient contacts, the Court then asks "whether the court's exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is "reasonable" under the circumstances. *Id.* (citation and some quotation marks omitted).

### a.   Minimum Contacts

The "minimum contacts" requirement of due process may be met in two ways, through either the showing of the existence of general or specific jurisdiction. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir.1996).

> The requisite minimum contacts exist if the non-resident defendant has continuous and systematic contacts with the forum state (general jurisdiction) or if the defendant (i) has purposefully directed activities at forum residents or otherwise acted to avail itself purposefully of the privilege of conducting activities there and (ii) the litigation results from alleged injuries that arise out of or relate to those activities (specific jurisdiction).

*Impact Prods. Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1190 (D. Colo. 2004).

### i.   General Jurisdiction

General jurisdiction lies when the defendant's contacts with the forum state are so

"continuous and systematic" that the state may exercise personal jurisdiction over the defendant, even if the suit is not related to the defendant's activities within the state. *Trierweiler*, 90 F.3d at 1533 (citation omitted). This occurs "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011). "For corporate entities this is generally: (1) the place of incorporation; or (2) the principal place of business." *Rosenberg v. Deutsche Bank A.G.*, No. 11-cv-02200-WJM-CBS, 2012 WL 3744631, at *4 (D. Colo. Aug. 28, 2012) (citation omitted). The only indication that Defendant RHPI Captive had continuous and systematic contact with the forum state, Colorado, is that Plaintiffs' private process server personally delivered the summons to an officer of Defendant RHPI Captive at his "usual place of abode" in Centennial, Colorado. *See* [#7]. Plaintiffs therefore fail to provide allegations that would lead the Court to believe that Defendant RHPI Captive's contacts with the forum state of Colorado have been continuous and systematic, and an exercise of general personal jurisdiction over Defendant RHPI Captive is improper. *See Benton v. Cameco*, 375 F.3d 1070, 1081 (10th Cir. 2004).

### ii.     Specific Jurisdiction

To determine whether specific jurisdiction over Defendant RHPI Captive is appropriate, the Court must examine whether: (1) Defendant RHPI Captive purposefully directed its activities at Colorado or its residents or acted in some other way by which it purposefully availed itself of the benefits and protections of conducting business in Colorado, and (2) Plaintiffs' claims arise out of or relate to Defendant RHPI Captive's forum-related activities. *Impact Prods.*, 341 F. Supp. 2d at 1190.

Here, Plaintiffs allege that they contracted with Defendant RHPI Captive to provide

Plaintiffs' employees with health care benefits.  [#17] at 6.  All Plaintiffs, except for Houchen

Bindery, Ltd., reside in Colorado.  *Id.* at 2-4.  Therefore, as Plaintiffs allege, Defendant

RHPI Captive availed itself of the benefits and protections of conducting business in

Colorado when it entered into contracts with the nineteen Plaintiffs who reside in Colorado.

Additionally, Plaintiffs' RICO and state law claims all arise out of these contracts.

Accordingly, the Court recommends finding that the Court may exercise specific jurisdiction

over Defendant RHPI Captive.

### b.    Traditional Notions of Fair Play and Substantial Justice

Additionally, exercising jurisdiction over Defendant RHPI Captive does not "offend

traditional notions of fair play and substantial justice."  *Impact Prods.*, 341 F. Supp. 2d at

1190.  Regarding "traditional notions of fair play and substantial justice," courts consider:

> (1) the burden on the defendant, (2) the forum state's interests in resolving
> the dispute, (3) the plaintiff's interest in receiving convenient and effectual
> relief, (4) the interstate judicial system's interest in obtaining the most efficient
> resolution of controversies, and (5) the shared interest of the several states
> [or foreign nations] in furthering fundamental social policies.

*Dudnikov*, 514 F.3d at 1080 (citation omitted).

First, the Court's exercise of jurisdiction over Defendant RHPI Captive would not

create an undue burden on Defendant RHPI Captive.  "[I]t is only in highly unusual cases

that inconvenience will rise to a level of constitutional concern.  Certainly in this age of

instant communication, and modern transportation, the burdens of litigating in a distant

forum have lessened."  *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1212-13

(10th Cir. 2000) (citations, quotations, and footnote omitted).  Therefore, considering the

fact that Defendant RHPI Captive's president lives in Colorado, requiring Defendant RHPI

Captive to travel to defend this action in Colorado would not create an undue burden.

Second, "[s]tates have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors." *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1096 (10th Cir.1998).  Although Defendant RHPI Captive may have conducted business outside of Colorado, all Plaintiffs, excluding Plaintiff Houchen Binder, Ltd., reside in Colorado and expected to receive benefits from Defendant RHPI Captive in Colorado.  [#17] at 2-4.  Therefore, any injury to almost all Plaintiffs occurred in Colorado.  Accordingly, Colorado has an important interest in providing a forum for Plaintiffs to seek redress for their injuries.

The third factor "hinges on whether the Plaintiff[s] may receive convenient and effective relief in another forum," and the fourth factor asks "whether the forum state is the most efficient place to litigate the dispute." *Benton*, 375 F.3d at 1079, 1080 (quotations and citation omitted).  Colorado is the most efficient forum to litigate this dispute because all Plaintiffs, excluding Plaintiff Houchen Bindery, Ltd., reside in Colorado, because Plaintiffs apparently received all communications from Defendant in Colorado, and because Defendant RHPI Captive has not responded to Plaintiffs' Complaint or the present Motion. Therefore, the third and fourth factors weigh in favor of exercising personal jurisdiction over Defendant RHPI Captive in Colorado.

The fifth factor "focuses on whether the exercise of personal jurisdiction by [the forum] affects the substantive social policy interests of other states or foreign nations." *Id.* (quotations and citations omitted).  RICO, 18 U.S.C. § 1965(a), states that "[a]ny civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  Defendant RHPI Captive's president resides and was served in

12

Colorado. *See* [#7]. Additionally, RICO, 18 U.S.C. § 1964(c), states that any person injured by a violation of RICO "may sue therefor in any appropriate United States district court . . . ." Plaintiffs allege that Defendant RHPI Captive violated RICO. [#17] at 14-21. Therefore, exercising personal jurisdiction over Defendant RHPI Captive in the forum where Plaintiffs reside and were allegedly injured furthers the policy interests of all states. Accordingly, the Court recommends finding that exercising jurisdiction over Defendant RHPI Captive does not "offend traditional notions of fair play and substantial justice," and the Court may exercise personal jurisdiction over Defendant RHPI Captive.

**B.    Factual Basis for Default Judgment**

Even after a proper entry of default [#42], the Court must decide "'whether the unchallenged facts constitute a legitimate cause of action'" such that a judgment should be entered. *Bixler,* 596 F.3d at 762 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)). "'There must be a sufficient basis in the pleadings for the judgment entered.'" *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The Court deems the well-pled facts of the complaint to be true. *Vibe Tech., LLC v. Suddath*, No. 06-cv-00812, 2009

13

WL 2055186, at *1 (D. Colo. 2009) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).   Undisputed facts set forth by the moving parties in affidavits and exhibits are also accepted as true.  *Id.*

Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations fail to support entry of a default judgment on the RICO claims against any Defendant.

### 1.    RICO Claims

Plaintiffs allege that Defendants violated 18 U.S.C. § 1962.  [#17] at 14.  The elements of a 18 U.S.C. § 1962 civil RICO claim are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) (citation omitted).

The "threat of treble damages and injury to reputation which attend RICO actions justify requiring plaintiff to frame its pleadings in such a way that will give the defendant, and the trial court, clear notice of the factual basis of the predicate acts."  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989).  Additionally, "[t]he requirement of Fed. R. Civ. P. 9(b) that fraud must be pled with particularity applies to RICO claims."  *Christou v. Beatport, LLC*, 849 F. Supp. 2d 1055, 1077 (D. Colo. 2012) (citing *Cayman Exploration Corp.*, 873 F.2d at 1362).  Therefore, the complaint "must set forth the time, place and contents of the false representations, the identity of the party making the false statements, and the consequences thereof."  *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991).

Title 18 U.S.C. § 1962(c) makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign

commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." A complaint must allege facts that demonstrate a defendant's participation in at least two predicate acts and the defendant's control of the "enterprise" at issue. *Colo. Legal Servs. v. Legal Aid Nat'l Servs.*, No. 08-cv-00258-MSK-KMT, 2009 WL 347500, at *2 (D. Colo. Feb. 11, 2009). "[A]t a bare minimum, an allegation of RICO liability under 1962(c) must indicate how the defendant used the alleged enterprise to facilitate the fraudulent conduct." *Brannon v. Boatmen's First Nat. Bank. Of Okla.*, 153 F.3d 1144, at 1148 (10th Cir. 1998) (citing *Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1324 (7th Cir. 1998); *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 227 (7th Cir. 1997)). More specifically, "the defendant corporation must be shown to use the alleged enterprise 'as the instrument of [its] criminality,' and the plaintiff must plead that the alleged enterprise 'somehow made it easier to commit or conceal the fraud of which the plaintiff complains.'" *Id.* at 148 (quoting *Emery*, 134 F.3d at 1324). Therefore, enterprise liability "depends on showing that the defendant conducts or participates in the conduct of the 'enterprise's affairs,' not just its own affairs." *Id.* at 1146 (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)).

Additionally "[t]o meet the Rule 9(b) standard a claimant must identify the circumstances constituting the fraud. This in turn involves identification of the particular defendants with whom the plaintiff dealt; designation of the occasions on which the fraudulent statements were made, and by whom; and designation of what misstatements or half-truths were made and how." *Saine v. A.I.A., Inc.*, 582 F. Supp. 1299, 1303 (D. Colo. 1984) (citing *Noland v. Gurley*, 566 F. Supp. 210, 216 (D. Colo. 1983); *Trussell v. United Underwriters Ltd.*, 228 F. Supp. 757, 774 (D. Colo. 1964)).

15

### i.      Defendants HRBA and Gerald R. Rising, Jr., Inc.

Plaintiffs fail to make specific allegations regarding Defendant Gerald R. Rising, Jr., Inc. and merely allege that Defendant HRBA was "to process and pay Plaintiffs' employee health claims with the Plaintiffs' contributions pursuant to contractual relationships with . . . [Defendant] RHPI Captive [and Defendant] Gerald R. Rising, Jr., Inc." [#17] at 7.  "[This] allegation[] do[es] nothing more than define a legitimate corporate and financial relationship . . . ." *Brannon*, 153 F.3d at 1148.  Plaintiffs therefore fail to provide the necessary specific allegations demonstrating that Defendants HRBA or Gerald R. Rising, Jr., Inc. "participated in the direction or management of a RICO enterprise or participated in the conduct of a RICO enterprise." *Seidl v. Greentree Mortg. Co.*, 30 F. Supp. 2d 1292, 1304-05 (D. Colo. 1998).  In addition, Plaintiffs fail to allege that Defendants HRBA or Gerald R. Rising, Jr., Inc. committed any fraudulent act or participated in any predicate acts.  *Colo. Legal Servs.*, 2009 WL 347500, at *2; *Saine*, 582 F. Supp. at 1303.

Accordingly, the Court finds that the allegations are insufficient to support a default judgment for alleged RICO violations against Defendants HRBA and Gerald R. Rising, Jr., Inc., because Plaintiffs have failed to demonstrate that Defendants HRBA and Gerald R. Rising, Jr., Inc. directed or managed an "enterprise" or committed any fraudulent actions. The Court thus **recommends** that Plaintiffs' request for default judgment against Defendants HRBA and Gerald R. Rising, Jr., Inc. on the RICO claims be **denied**.

### ii.     Defendant RHPI Captive

An "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a

16

legal entity." 18 U.S.C. § 1961(4).  A RICO enterprise is proven by "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit."  *United States v. Turkette*, 452 U.S. 576, 583 (1981).

"Members of the group must share a common purpose of engaging in a course of conduct, and there must be evidence that members have 'joined together' to advance a certain object or engage in a course of conduct."  *In re Maynard Civil Rights Litigation*, No. 09-cv-02052-JLK-MEH, 2011 WL 8407037, at *29 (D. Colo. July 18, 2011) (citing *United States v. Hutchinson*, 573 F.3d 1011, 1021-22 (10th Cir. 2009)).

### a. Defendants RHPI Captive, HRBA and Gerald R. Rising, Jr., Inc. as an Enterprise

Plaintiffs' allegations that Defendants consist of an "enterprise" are conclusory and lack factual support.  Plaintiffs conclusively allege that Defendants "formed an enterprise in which each entity and individual was employed or associated with the collective enterprise."  [#17] at 14.  Plaintiffs generally state that all Defendants were "intimately involved with the conduct of the enterprise's affairs by contracting with the Plaintiffs through Administration Services Agreements and collecting the Plaintiffs' contributions in accordance with the agreements."  *Id.*  Without any specific detail, Plaintiffs allege that Defendants "participated in the misconduct of the enterprise by failing to establish trust fund accounts with Plaintiffs' contributions, misappropriating Plaintiffs' contributions by not purchasing Stop-Loss Insurance as promised, and failing to adequately pay Plaintiffs' employees' health claims."  *Id.* at 14-15.

Plaintiffs fail to allege sufficient facts to suggest that Defendants "function with a decision-making framework" or "have a mechanism for making decisions."  *Internet Archive*

17

*v. Shell*, 505 F. Supp. 2d 755, 769 (D. Colo. 2007). Additionally, Plaintiffs fail to allege specific facts to suggest an "association" exists between the three Defendants for the purpose of conducting a racketeering activity. *See Maske v. City of Aurora*, No. 09-cv-01897-BNB, 2009 WL 2878005, at *1 (D. Colo. Sept. 3, 2009).

More significantly, Plaintiffs fail to provide specific allegations demonstrating that Defendant RHPI Captive "participated in the direction or management of a RICO enterprise or participated in the conduct of a RICO enterprise." *Seidl*, 30 F. Supp. 2d at 1304-05. Plaintiffs also fail to allege how the relationship between Defendant RHPI Captive and the other two Defendants, Defendants HRBA and Gerald R. Rising, Jr., Inc., allowed Defendant RHPI Captive to "perpetrate or conceal the alleged" predicate acts. *Brannon*, 153 F.3d at 1149.

Accordingly, the Court finds that the allegations are insufficient to support a default judgment for alleged RICO violations against Defendants RHPI Captive regarding the alleged enterprise, because Plaintiffs have failed to demonstrate that Defendant RHPI Captive directed, managed, used, or benefitted from the alleged enterprise.

### b.    Defendant RHPI Captive as an Enterprise

Additionally, pursuant to 18 U.S.C. § 1962(c) "[t]he alleged enterprise cannot be the same as the RICO defendant." *Schroder v. Volcker*, 646 F. Supp. 132, 135 (D. Colo. 1986) (citing *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984)). "[A] corporation cannot, at the same time, be both a 'person' and an 'enterprise' under RICO." *Consumers Gas & Oil, Inc. v. Farmland Indus.*, 815 F. Supp. 1403, 1411 (D. Colo. 1992) (quoting *Shared Diagnostic Servs. v. Henningsen*, 602 F. Supp. 428, 430 (E.D. Penn. 1984)). Rather, "Plaintiff must allege that [the] enterprise[] exist[s] distinctly from the Defendant that

18

allegedly associated with the enterprise to engage in a pattern of racketeering activity." *Id.*

Thus, Defendant RHPI Captive cannot be both the lone defendant and the "enterprise" in a RICO claim, because Plaintiffs fail to allege that an "enterprise" possesses an "existence and purpose distinct" from Defendant RHPI Captive. *Bd. of Cnty. Comm'rs of San Juan Cnty. v. Liberty Grp.*, 965 F.2d 879, 885 (10th Cir. 1992).

Accordingly, the Court finds that Plaintiffs fail to allege sufficient facts establishing that Defendant RHPI Captive directed, managed, used, or benefitted from an "enterprise." Therefore, Plaintiffs' allegations are insufficient to support a default judgment on the alleged RICO violation against Defendant RHPI Captive. The Court thus **recommends** that Plaintiffs' request for default judgment against Defendant RHPI Captive on the RICO claim be **denied**.

In addition, because Plaintiffs have failed to present facts sufficient to support a default judgment against any Defendant on the RICO claim, the Court **recommends** *sua sponte* that the RICO claim be **dismissed** without prejudice for failure to state a claim. *See J & J Sports Prods., Inc. v. Kigo*, No. C 10-05512 SI, 2011 WL 3418394, at *2 (N.D. Cal. Aug. 4, 2011) (denying a motion for default judgment regarding a Copyright Act claim and dismissing the Copyright Act claim for failure to state a claim); *Bronx Gate & Grille v. Deleon*, No. 07 CV 4411(RJD)(JO), 2008 WL 5069533, at *4-6 (E.D.N.Y. Nov. 24, 2008) (denying a motion for default judgment regarding a RICO claim and dismissing the RICO claim *sua sponte* for failure to state a claim).

### 2. State Law Claims

Plaintiffs assert state law claims against Defendants for breach of contract,

19

negligence, breach of fiduciary duty, false representation, negligent misrepresentation, and violations of C.R.S. §§ 6-1-101 et seq.  *See* [#17] at 21-25.  Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."  *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . , the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims").  Here, having recommended dismissal of Plaintiffs' federal claim, the Court further **recommends** that the District Judge decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and that these claims be **dismissed without prejudice**.  *See Bronx Gate & Grille*, 2008 WL 5069533, at *5.

### III.  RECOMMENDATION

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiffs' Motion [#55] be **DENIED** and that Plaintiffs' Complaint [#1] be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. CDOC*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both

timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 12, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge